264

## CIRCUIT COURT OF THE CITY OF DANVILLE

Janet Young

v.

Tama Waddell
and City of Danville

October 24, 2002

Case No. 00-215CL

BY JUDGE JOSEPH W. MILAM, JR.

On October 16, 2002, the parties appeared before this court on the plaintiff's objection to portions of Dr. Urbaniak's deposition testimony. The plaintiff argues that Dr. Urbaniak's testimony beginning on page 51, line 20, and concluding on page 56, line 17, of the Urbaniak deposition constitutes an improper attempt to introduce the opinions of Drs. Cohen and Spencer at trial. Specifically, the plaintiff relies upon Virginia Code § 8.01-401.1 and *McMunn v. Tatum*, 237 Va. 558, 379 S.E.2d 908 (1989), as support for his motion to strike Dr. Urbaniak's testimony as it relates to the reports of Drs. Cohen and Spencer.

As an initial matter, the plaintiff's reliance on *McMunn* to support his assertion that portions of Urbaniak's cross-examination testimony are inadmissible as hearsay is misplaced. Section 8.01-401.1 permits an expert witness to render an opinion that is based on data that may not be admissible in evidence. The section expressly provides that the opposing attorney may, during cross-examination, question the witness regarding the language or content of the data underlying the witness's opinion.

The plaintiff next asserts that the reports of Drs. Cohen and Spencer are not admissible under § 8.01-401.1. Section 8.01-401.1 permits the attorney to

question an expert on cross-examination about language or content otherwise inadmissible, provided that the expert consulted or relied upon such content in forming his opinion. Dr. Urbaniak repeatedly stated that he neither consulted nor relied upon the reports of Drs. Cohen and Spencer.

The defendant says the doctors' reports are not offered for the truth of the matters asserted therein. The defense argues that the reports are instead offered to ascertain the extent of Dr. Urbaniak's awareness of and reliance upon the findings of Drs. Cohen and Spencer. A declaration not offered for the truth of the matter asserted is not excluded by the hearsay rule. Here, the defendant does not attempt to argue substantively the contents of the doctors' reports. Dr. Urbaniak's testimony with respect to these findings concerns his access to the reports, not their content. For this reason, his testimony is not hearsay and is admissible.

As a practical matter, the defendant has elsewhere indicated the defendant's intention to introduce into evidence the findings of both Dr. Cohen and Dr. Spencer. For the foregoing reasons, plaintiff's objection concerning the above-mentioned portion of Dr. Urbaniak's deposition testimony is denied.